IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES HOUSER, et al.,** | ] |
| **Plaintiffs,** | ] |
| v. | ]   2:20-cv-01661-ACA |
| **ALLSTATE INSURANCE COMPANY,** | ] |
| **Defendant.** | ] |

## MEMORANDUM OPINION AND ORDER

After the Housers were injured in a hit and run car accident with an unknown driver, they made an uninsured motorist claim against their insurer, Defendant Allstate Insurance Company.  They allege that Allstate failed to investigate and pay their claim.  They filed suit against Allstate and a number of fictitious defendants,[1] asserting: (1) negligence ("Count One"); (2) a claim for uninsured motorist coverage ("Count Two"); (3) breach of the insurance contract ("Count Three"); (4) bad faith refusal to pay a claim ("Count Four"); and (5) negligent refusal to settle ("Count Five").  (Doc. 7 at 7–15).

---

[1] Normally, fictitious party pleading is not permitted in federal court.  However, a plaintiff may use a fictitious *name* to identify a real person when a plaintiff is "unable to use a party's real name" but can describe the person—such as a situation in which the plaintiff "may be able to describe an individual (e.g., the driver of an automobile) without stating his name precisely or correctly."  *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992) (quotation marks omitted).

Allstate moves to dismiss Counts One and Five for failure to state a claim and Count Four as unripe or for failure to state a claim. (Doc. 8). Allstate requests that, if the court does not dismiss Count Four, it bifurcate and stay discovery on that claim until after a judgment on Counts Two and Three. (Doc. 9)

The court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss. The court **WILL DISMISS** Counts One and Five **WITH PREJUDICE** because those claims are not cognizable under Alabama law. The court **DENIES** the motion to dismiss Count Four because the Housers have alleged facts that, if true, would be sufficient to establish fault and an entitlement to damages from the uninsured motorist.

The court **GRANTS IN PART** and **DENIES IN PART** the motion to bifurcate and stay discovery on the bad faith claim. The court **STAYS** discovery on Count Four until after discovery and, if applicable, dispositive motions addressing Counts Two and Three have been completed. To the extent the motion seeks a stay until after a final judgment on Counts Two and Three, the court **DENIES** the motion. And to the extent the motion seeks to bifurcate trial on Counts Two, Three, and Four, the court **DENIES** that request as premature.

## I.   BACKGROUND

Allstate challenges the Housers' ability to state a claim on two of their counts as well as the court's subject matter jurisdiction over one of their counts. All of its

arguments, however, are facial challenges based on the factual allegations contained in the complaint. Accordingly, the court must accept those allegations as true and construe them in the light most favorable to the Housers. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013) (facial attack on the court's jurisdiction); *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012) (failure to state a claim).

In addition, Allstate has submitted an excerpt of the auto policy it issued to Mr. Houser. (Doc. 8-1). Typically, if the court considers any evidence outside the pleadings in connection with a motion to dismiss, the court must convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). But an exception exists for documents that are of undisputed authenticity and central to the plaintiff's claims. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). The policy is central to the Housers' claims and they do not dispute its authenticity. Accordingly, the court will incorporate the policy excerpt into its description of the relevant facts.

In October 2018, the Housers were involved in a hit and run accident, in which an unknown driver failed to yield the right of way and turned onto the road in front of the Housers' car, causing them to hit the unknown driver's car. (Doc. 7 at 5–6 ¶¶ 12–15). The accident caused physical injuries to both Mr. and Ms. Houser. (*Id.* at 6 ¶¶ 16, 21).

At the time, Mr. Houser was a named insured on an auto insurance policy issued by Allstate, which included uninsured motorist coverage. (Doc. 7 at 6 ¶¶ 18–19; *see also* Doc. 8-1 at 9). The policy states: "[Allstate] will pay damages an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of[ ] bodily injury sustained by an insured person. . . . caused by accident and aris[ing] out of the ownership, maintenance or use of an uninsured auto." (Doc. 8-1 at 9). An uninsured auto includes "[a] hit-and-run motor vehicle which causes bodily injury to an insured person whether or not physical contact was made with the insured person or with a vehicle occupied by that person. The identity of the operator and the owner of the vehicle must be unknown." (*Id.*).

Allstate did not "properly investigate" the Houser's claim (doc. 7 at 13 ¶ 47) and "refus[ed] to tender Plaintiffs full payment for damages which were caused" by the accident (*id.* at 12 ¶ 43).

## II.   DISCUSSION

Allstate seeks the dismissal of Counts One and Five for failure to state a claim and Count Four as unripe or for failure to state a claim. (Doc. 8; Doc. 14 at 7–8). The Housers' arguments in opposition to dismissal rely on Alabama's pleading standard. (Doc. 13 at 3). But although they filed their initial complaint in Alabama court, it has been removed to federal court, where federal rules of procedure govern. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245,

1260 (11th Cir. 2015). The pleading standard is one such rule of procedure. *Id.* Accordingly, the question is whether the Housers state claims under the federal pleading standard, not Alabama's pleading standard.

The federal pleading standard requires a plaintiff to plead a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### 1. Counts One (Negligence) and Five (Negligent Refusal to Settle)

The Housers' claims of negligence and negligent refusal to settle arise from Allstate's denial of their claims under Mr. Houser's Allstate auto insurance policy. (Doc. 7 at 7–9, 14–15). Allstate contends that dismissal of these claims is warranted because Alabama law does not recognize a cause of action for negligent claim handling or negligent refusal to settle. (Doc. 8 at 2–3). The Housers do not respond to the motion to dismiss these two claims. (*See generally* Doc. 13).

Alabama courts have "consistently refused to recognize a cause of action for the negligent handling of insurance claims." *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995). And while the Alabama Supreme Court has recognized a cause of action for an insurer's negligent failure to settle a claim brought against its

insured by a third party, *see Waters v. Am. Cas. Co. of Reading, Pa.*, 73 So. 2d 524, 529 (1953), there is no indication that Alabama has approved a cause of action for an insurer's negligent failure to settle an insurance claim made by an insured against his own insurer. Moreover, an insurer's duty to pay an insured's claim under the policy arises from the insurance contract, and Alabama law does not recognize claims of negligence arising out of breach of contractual duties. *See U.S. Bank Ass'n v. Shepherd*, 202 So. 3d 302, 314 (Ala. 2015); *see also Vines v. Crescent Transit Co.*, 85 So. 2d 436, 440 (Ala. 1956) ("[A] negligent failure to perform a contract . . . is but a breach of the contract."). Accordingly, the Housers cannot state a claim against Allstate for the negligent handling or denial of their claim. The court **GRANTS** the motion to dismiss Counts One and Five and **WILL DISMISS** those claims **WITH PREJUDICE**.

2. Count Four (Bad Faith)

In Count Four, the Housers allege that Allstate acted in bad faith when it failed to investigate and pay their uninsured motorist claims. (Doc. 7 at 13–14). Allstate contends that the court lacks subject matter jurisdiction over this claim because it is not ripe, as the Housers have not yet established that the unknown driver is liable for a fixed amount of damages. (Doc. 8 at 3–4).

Under Alabama law, "[a]n actionable tort arises for an insurer's intentional refusal to settle a direct claim where there is either (1) no lawful basis for the refusal

6

coupled with actual knowledge of that fact or (2) intentional failure to determine whether or not there was any lawful basis for such refusal." *Shelter Mut. Ins. Co. v. Barton*, 822 So. 2d 1149, 1154 (Ala. 2001). Alabama courts distinguish between "normal" and "abnormal" bad faith claims. *Id.*; *see also Nat. Ins. Ass'n v. Sockwell*, 829 So 2d 111, 126–30 (Ala. 2002). Both types of claim require the plaintiff to establish (1) the existence of an insurance contract; (2) the insurer's breach of the contract; (3) an intentional refusal to pay the claim; and (3) the absence of a "debatable reason" for the refusal to pay. *Ex parte Alfa Mut. Ins. Co.*, 799 So. 2d 957, 962 (Ala. 2001); *State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2013) ("Regardless of whether the claim is a bad-faith refusal to pay or a bad-faith refusal to investigate, the tort of bad faith requires proof of the third element, absence of legitimate reason for denial.").

In addition, a plaintiff asserting a "normal" bad faith claim must establish the insurer's actual knowledge of the absence of a debatable reason for the refusal. *Alfa Mut. Ins. Co.*, 799 So. 2d at 962. A plaintiff asserting an "abnormal" bad faith claim must establish that the insurer "(1) intentionally or recklessly failed to investigate the plaintiff's claim; (2) intentionally or recklessly failed to properly subject the plaintiff's claim to a cognitive evaluation or review; (3) created its own debatable reason for denying the plaintiff's claim; or (4) relied on an ambiguous portion of the

7

policy as a lawful basis to deny the plaintiff's claim." *Sockwell*, 829 So. 2d at 129–30.

As an initial matter, Allstate's motion to dismiss appears to assume that the Housers assert only a normal bad faith claim arising from the denial of their uninsured motorist claims. (*See* Doc. 8 at 3–1). But the Housers also allege that Allstate failed to investigate their claim. (*See* Doc. 7 at 13 ¶¶ 47–48 ("The Defendant insurer failed to properly investigate the claim . . . Defendant insurer had actual knowledge that there was no reasonably legitimate, arguable, or debatable reason for the failure to investigate . . . ."). They have therefore asserted both a normal bad faith claim (arising from the denial of their uninsured motorist claim) and an abnormal bad faith claim (arising from the failure to investigate their uninsured motorist claim). Because Allstate makes no argument about the abnormal bad faith claim, the court will not dismiss that claim.

Instead, Allstate argues that the court must dismiss the normal bad faith claim because the Housers cannot establish that they are legally entitled to recover damages from the uninsured (and unknown) driver. (Doc. 8 at 3–1). This argument focuses on whether the Housers can establish a breach of the insurance contract.[2] "[T]here can be no breach of an uninsured motorist contract, and therefore no bad

---

[2] Notably, Allstate does not argue that the Housers' claim for breach of contract is unripe or fails to state a claim. (*See generally* Doc. 8).

faith, until the insured proves that he is legally entitled to recover." *Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So. 2d 557, 564 (Ala. 2005) (quotation marks omitted). "Legally entitled to recover" means "that the insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages and must be able to prove the extent of those damages." *LeFevre v. Westberry*, 590 So. 2d 154, 157 (Ala. 1991) (emphases and quotation marks omitted).

However, a plaintiff seeking to assert a bad faith claim against his insurer does not "have to sue and receive a judgment in his or her favor" first. *LeFevre*, 590 So. 2d at 160. "A motorist 'legally entitled to recover damages' . . . is one who presents facts sufficient to prove that the motorist was involved in an accident under circumstances that would entitle the motorist to uninsured-motorist coverage." *Walker v. GuideOne Specialty Mut. Ins. Co.*, 834 So. 2d 769, 772 (Ala. 2002).

Allstate's motion to dismiss Count Four is a facial attack on the ripeness of the Housers' bad faith claim. (*See* Doc. 28 at 3–11). The Alabama Supreme Court has held that, where a "legitimate" dispute exists about an insured's legal entitlement to collect damages from the uninsured motorist, the claim is not ripe. *See, e.g.*, *Pontius*, 915 So. 2d at 559–60, 564 (affirming the dismissal of breach of contract and bad faith claims as unripe where the insured brought those claims while his negligence lawsuit against the uninsured motorist was still pending and the face of the complaint established that liability and damages were in dispute); *Ex parte*

9

*Safeway Ins. Co. of Alabama, Inc.*, 990 So. 2d 344, 347–48, 352 (Ala. 2008) ("*Safeway I*") (granting a writ of mandamus and directing the trial court to dismiss a bad faith claim as unripe where the insurer had presented evidence disputing the amount of damages the insured was entitled to recover from the uninsured motorist). More recently, the Alabama Supreme Court has couched the analysis not as a question of jurisdiction, but instead failure to state a claim. *Ex parte Safeway Ins. Co. of Alabama, Inc.*, 148 So. 3d 39, 43 (Ala. 2013), as modified on denial of reh'g (Dec. 13, 2013) ("*Safeway II*").

Here, Allstate makes a facial challenge to the Housers' amended complaint. The case is therefore unlike *Safeway I*, in which the insurer presented evidence showing the existence of a legitimate dispute about the extent of the plaintiff's damages. *See Safeway I*, 990 So. 2d 344, 347–48, 352. The *Pontius* decision, like this one, involved a facial challenge to an insured's bad faith claim, but in that case, it was clear from the complaint that the uninsured motorist was contesting liability, and as a result there was a bona fide dispute about the insured's entitlement to recover damages from the uninsured motorist. 915 So. 2d at 559–60, 564. Here, by contrast, the Housers have alleged that the uninsured motorist—whom they cannot identify because the accident was a hit and run—violated the rules of the road to pull out in front of them, causing the accident and their injuries. (Doc. 7 at 5–6 ¶¶ 14–16, 21). If true, those facts would be "sufficient to prove that the motorist was

involved in an accident under circumstances that would entitle the motorist to uninsured-motorist coverage" and damages from the uninsured motorist. *Walker*, 834 So. 2d at 772; *see also LeFevre*, 590 So. 2d at 157 ("[T]he insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages . . . .").

As the Housers argue, this case is more like *Safeway II*, in which the Alabama Supreme Court held that a bad faith claim arising from denial of uninsured motorist coverage was ripe where the plaintiff was involved in a hit and run accident with an unknown driver, suffering physical injuries and incurring medical expenses. 148 So. 3d at 43. The Court noted that the insurer could potentially challenge the case for failure to state a claim (as opposed to lack of jurisdiction), but expressly stated that it "should not be understood as implying that [the plaintiff]'s action lacks merit." *Id.* at 43 n.4. Accordingly, the court will not dismiss the Housers' normal bad faith claim as unripe.

Allstate contends that, even if the claim is ripe for jurisdictional purposes, it still fails to state a claim because the Housers have not established their entitlement to a specific amount of damages from the unknown driver. (Doc. 8 at 4, 7–8; Doc. 14 at 7–10). This argument flies in the face of the Alabama Supreme Court's repeated instruction that a plaintiff does not have to obtain a judgment against the uninsured motorist before asserting a bad faith claim against his insurer. *Pontius*,

915 So. 2d at 564; *LeFevre*, 590 So. 2d at 160; *State Farm Fire & Cas. Co. v. Lambert*, 285 So. 2d 917, 919 (1973).

In support of its argument, Allstate points to the Alabama Supreme Court's decision in *LeFevre*, in which the Court stated that the insured is not legally entitled to recover damages until he is "able to prove the extent of those damages." 590 So. 2d at 157 (quotation marks omitted). Allstate emphasizes the "extent" part of that quote (doc. 8 at 7), but this court notes that the full quote requires that the plaintiff be "*able* to prove the extent of those damages," *LeFevre*, 590 So. 2d at 157 (emphasis added). Allstate has not argued that the Housers will be unable to prove the extent of their damages or the unknown driver's liability for those damages.

And in any event, at this stage, the case is distinguishable from *LeFevre*. In *LeFevre*, the insured presented his insurer with conflicting medical evidence about his injuries, there was no evidence the insured had ever requested a specific amount of benefits, the insurer offered the insured the policy limit for an uninsured motorist claim before the insured filed suit, and the insured never presented evidence that his claim exceeded the policy limit. 590 So. 2d at 161–62. The Alabama Supreme Court affirmed the grant of summary judgment in favor of the insurer on the ground that "there was a legitimate dispute concerning the amount of damages," negating the intent-to-injure element of the bad faith claim. *Id.* at 162.

By contrast, the Houser's bad faith claim is before the court on a motion to dismiss for failure to state a claim, not a motion for summary judgment. Moreover, Allstate has not challenged the Housers' ability to state a claim for breach of the insurance contract. Indeed, Allstate has not actually challenged the Housers' entitlement to recover from the uninsured motorist, instead focusing on the lack of a judgment setting a specific amount of damages. The Alabama cases discussed above show that the lack of a judgment alone cannot be the basis for a legitimate or bona fide dispute about an insured's entitlement to recover.

The Housers have alleged facts that, if true, would establish the unknown driver's fault in the accident, as well as their physical injuries. Although Allstate baldly asserts that the Housers have not yet proved the exact amount of damages to which they are entitled, it does not argue or attempt to establish that they are unable to prove those damages. *Cf. LeFevre*, 590 So. 2d at 157. Accordingly, the court **DENIES** the motion to dismiss Count Four.

3. Motion to Bifurcate and Stay Discovery on Count Four

Allstate contends that if Count Four is permitted to proceed, the court should bifurcate and stay discovery relating to that count because discovery will involve access to Allstate's claim file, which was prepared in anticipation of litigation. (Doc. 9 at 2–3; Doc. 10 at 4–5). The Housers do not respond to the request to bifurcate and stay discovery. (*See generally* Doc. 13).

Because Allstate's request is unopposed, the court **GRANTS IN PART** and **DENIES IN PART** the motion to bifurcate and stay discovery. The court will allow the parties to conduct discovery and, if necessary, to submit dispositive motions on Counts Two and Three before beginning discovery on Count Four. However, to the extent Allstate seeks to stay discovery on Count Four until after a trial on Counts Two and Three, the court **DENIES** the motion. And to the extent Allstate seeks bifurcation of the trial, the court **DENIES** that request as premature.

### III.   CONCLUSION

The court **GRANTS** the motion to dismiss Counts One and Five and **WILL DISMISS** those counts **WITH PREJUDICE**. The court **DENIES** the motion to dismiss Count Four.

The court **GRANTS IN PART** and **DENIES IN PART** the motion to bifurcate and stay discovery. The court **BIFURCATES** discovery into two phases: the first focusing on Counts Two and Three, and the second focusing on Count Four. The court **STAYS** discovery on Count Four until after discovery and, if necessary, dispositive motions on Counts Two and Three have been completed. To the extent Allstate seeks to stay discovery on Count Four until after a trial on Counts Two and Three, the court **DENIES** the motion. And to the extent Allstate seeks bifurcation of the trial, the court **DENIES** the motion **AS PREMATURE**.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this March 4, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

15