FILED

2022 Feb-08  AM 08:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES HOUSER, et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **2:20-cv-01661-ACA** |
| | ] | |
| **ALLSTATE INSURANCE COMPANY,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## <u>MEMORANDUM OPINION AND ORDER</u>

After Plaintiffs James and Catherine Houser were involved in a car accident with an uninsured driver they sued their own insurer, Defendant Allstate Insurance Company, for various claims including bad faith failure to investigate and pay their uninsured motorist claim. Allstate moves for partial summary judgment as to only the bad faith claims. (Docs. 34, 38). Because the Housers have not presented sufficient evidence to survive summary judgment on the bad faith claims, the court **GRANTS** Allstate's motions for partial summary judgment and **WILL ENTER SUMMARY JUDGMENT** in favor of Allstate and against the Housers on those claims.

## I.    BACKGROUND

In reviewing a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving

party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).   Here, Allstate presented its statement of undisputed facts and evidence in support of each motion for summary judgment. (Doc. 36 at 6–12; doc. 40 at 6–11).   Mr. Houser's brief fails to dispute any of the facts set out by Allstate (*see generally* doc. 42), and Mrs. Houser's brief disputes only the amount of her medical bills, but without providing any evidentiary support or citation to the record (*see* doc. 43 at 1–2).   Accordingly, the court deems Allstate's statements of facts admitted.[1]   The court also **GRANTS** Allstate's motion to strike Mrs. Houser's statement of "additional facts" (doc. 45 at 3), for failure to comply with the requirements of Appendix II to the court's initial order (*see* doc. 2 at 14, 17–18).

The Housers had an auto insurance policy through Allstate.   (*See* doc. 35-2). The policy provided that Allstate would "pay damages an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of: bodily injury sustained by an insured person."   (*Id.* at 9) (emphases omitted).

---

[1] Having reviewed Mrs. Houser's deposition, the court has serious concerns about her competency to testify.   Because of her severe dementia, Mrs. Houser was unable to answer the vast majority of the questions, including where she was during the deposition.   (*See* doc. 39-1 at 9).   She also repeatedly agreed with statements made by counsel, but was then unable to articulate answers when asked to elaborate.   (*See generally id. at* 5–7).   And many of her answers were non sequiturs or non-responsive.   (*See, e.g.*, *id.* at 5).   Even assuming that she could understand her oath to testify truthfully, *see* Fed. R. Evid. 601; Ala. R. Evid. 603, the court doubts that she is capable of having personal knowledge of events she does not appear to remember, *see* Ala. R. Evid. 603.

On October 4, 2018, Mr. Houser was driving with his wife along a four lane road with two lanes heading in each direction. (Doc. 35-1 at 11). While driving down a long straight stretch of the road, another car unexpectedly pulled out in front of them and Mr. Houser rear-ended the other car. (*Id.* at 12–13). Although Allstate contends that photographs of the Houser's car establish a "full frontal impact" (doc. 40 at 8 ¶ 6), the photographs show more damage to the front right side of the Houser's car. (*See* doc. 35-4 at 2–3). No party has submitted any pictures of the other car. A reasonable jury could find, based on the photographs of the Housers' car, that the impact was actually to the front right side of their car, indicating that the other driver had not fully pulled in front of the Housers when the accident occurred.

Although the accident caused the Housers' car's airbags to deploy, neither had any visible injuries. (Doc. 35-1 at 15). Mrs. Houser took an ambulance to an emergency room due to chest and ankle pain (doc. 39-1 at 47), while Mr. Houser stayed with the car to see where it would be towed (doc. 35-1 at 15–16). He joined his wife at the emergency room an hour later. (*Id.* at 16). Although Mr. Houser experienced some pain in his legs, neck, and chest while at the hospital, he did not ask for any medical attention. (*Id.* at 16–17). Mrs. Houser was released from the hospital a few hours after arriving there. (*Id.* at 16).

During his deposition, Mr. Houser agreed that it was "possible" that the first time he complained of injuries from the car accident was a month later, in November

2018, when he drove himself to the emergency room.  (Doc. 35-1 at 20; *see also* doc. 35-5 at 6).  Other than the two emergency room visits, the only treatment the Housers received was from a chiropractor whom they both saw from December 2018 until March 2019.  (Doc. 35-1 at 19, 21–22; doc. 35-5 at 6; doc. 39-1 at 37).

Allstate offered to settle Mrs. Houser's bodily injury claim for $781.24.  (Doc. 39-6 at 2).  Allstate calculated this amount by adding up the medical liens from Mrs. Houser's health insurers.  (*Id.*; *see also* Doc. 39-3 at 2; Doc. 39-4 at 3).  Allstate contends, without providing any evidence, that the Houser's attorney never responded to that offer.  (*See* Doc. 40 at 11 ¶ 12).  The Housers' attorney responds, without providing any evidence, that Mrs. Houser rejected the offer.  (*See* Doc. 43 at 1).

## II.    DISCUSSION

The court must grant summary judgment if the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Hamilton*, 680 F.3d at 1318.  "[T]he moving party bears the initial burden to show, by reference to materials on file, that there are no genuine issues of material fact to be determined at trial.  Only after the moving party has satisfied that burden does the burden shift to the nonmoving   party   to   demonstrate   that   summary   judgment   would   be

inappropriate . . . ." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000) (citation omitted).

Although the Housers have sued Allstate for uninsured motorist benefits, breach of contract, and bad faith, Allstate seeks summary judgment only on the bad faith claims.  (*See* Docs. 34, 38).  Under Alabama law, a plaintiff may sue an insurance company for bad faith failure to pay or bad faith failure to investigate an insurance claim. *Shelter Mut. Ins. Co. v. Barton*, 822 So. 2d 1149, 1154 (Ala. 2001). Both types of claims require the plaintiff to establish (1) the existence of an insurance contract; (2) the insurer's breach of the contract; (3) an intentional refusal to pay the claim; and (3) the absence of a "debatable reason" for the refusal to pay. *Ex parte Alfa Mut. Ins. Co.*, 799 So. 2d 957, 962 (Ala. 2001); *State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2013).  In addition, the plaintiff must establish either (1) the insurer's actual knowledge of the absence of a debatable reason for the refusal, *Alfa Mut. Ins. Co.*, 799 So. 2d at 962, or (2) any of the following: (a) intentional or reckless failure to investigate the claim, (b) intentional or reckless failure to evaluate or review the claim, (c) creation of a debatable reason to deny the claim, or (d) reliance on an ambiguous part of the policy as a lawful basis to deny the claim, *Nat'l Ins. Ass'n v. Sockwell*, 829 So. 2d 111, 129–30 (Ala. 2002).

Allstate contends that Mr. Houser's bad faith claim fails because its reasons for denying his insurance claim—a lack of evidence that his claimed injuries were

related to the accident and evidence that Mr. Houser may have been at fault in the accident—are at least arguable.  (Doc. 36 at 20–26).  Similarly, it argues that Mrs. Houser's bad faith claim fails because (1) it has not yet denied her claim, and (2) even if it had, Mr. Houser was arguably at fault in the accident, precluding coverage for Mrs. Houser's injuries.  (Doc. 40 at 17–21).  The Housers respond by stating, in an entirely conclusory manner, that summary judgment is inappropriate because Allstate has breached the insurance contract and they need not obtain a judgment in their favor before suing for bad faith.  (Doc. 42 at 2–4; doc. 43 at 4–5).

Under the Houser's insurance policy, Allstate was required to cover bodily injuries the insureds would have been entitled to recover from the uninsured motorist.  (Doc. 35-2 at 9).  However, a genuine dispute of material fact exists about whether Mr. Houser was at fault in the accident: Mr. Houser struck the uninsured motorist from behind while driving along a long, straight stretch of the road.  (Doc. 35-1 at 11–13).  A reasonable jury could find that, as a result, the Housers were not legally entitled to recover from the uninsured motorist and Allstate did not owe uninsured motorist benefits to the Housers or breach the insurance contract.  (*See* doc. 35-2 at 9).  Accordingly, Allstate's reason for denying the Housers' insurance claims is debatable, and the Housers cannot prevail on their bad faith claims.[2]  *See*

---

[2] The court does not address Allstate's alternative argument that it has not yet denied Mrs. Houser's claim because Allstate has not satisfied its burden of supporting that allegation with any evidence.  *See* Fed. R. Civ. P. 56(c)(1); *Mullins*, 228 F.3d at 1313.

*Nat'l Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982) ("A 'debatable reason' . . . means an arguable reason, one that is open to dispute or question."); *see also State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2013) (holding that a bad faith failure to investigate claim requires a plaintiff to prove the insurer lacked any "legitimate or arguable reason for refusing to pay [the insured]'s claim") (quotation marks omitted) (alteration in original); *Jones v. Alfa Mut. Ins. Co.*, 1 So. 3d 23, 32 (Ala. 2008) (holding that the court cannot submit a bad faith failure to pay claim to a jury unless "the underlying contract claim [is] so strong that the plaintiff would be entitled to a preverdict judgment as a matter of law"); *Nat'l Sav. Life Ins. Co. v. Dutton*, 419 So. 2d 1357, 1362 (Ala. 1982) ("[I]f the evidence produced by either side creates a fact issue with regard to the validity of the [breach of contract] claim and, thus, the legitimacy of the denial thereof, the [bad faith] claim must fail and should not be submitted to the jury.").

Accordingly, the court **GRANTS** Allstate's motions for partial summary judgment and **WILL ENTER PARTIAL SUMMARY JUDGMENT** in its favor and against the Housers on the bad faith claims.

The court will enter a separate partial judgment consistent with this opinion.

**DONE** and **ORDERED** this February 8, 2022.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE